# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX RAMOS GOMEZ, | : | Civil No. 1:19-CV-01818 |
| Petitioner, | : | |
| v. | : | Judge Jennifer P. Wilson |
| WILLIAM BARR, *et al.*, | : | |
| Respondents. | : | Magistrate Judge Martin C. Carlson |

## MEMORANDUM

This is a habeas corpus petition brought under 28 U.S.C. § 2241 by an immigration detainee raising constitutional and statutory challenges to the bond hearing the detainee was afforded under 8 U.S.C. § 1226(a). The case is presently before the court on a report and recommendation from United States Magistrate Judge Martin C. Carlson and the Respondents' objections to the report and recommendation. (Docs. 10–11.) Judge Carlson concludes that the Constitution requires the government to bear the burden of proof during a § 1226(a) bond hearing and recommends granting the petition on that basis. (*Id.* at 16.) For the reasons that follow, the court respectfully disagrees with the Magistrate Judge as to the precedential significance of *Borbot v. Warden York Cty. Corr. Facility*, 906 F.3d 274 (3d Cir 2018) and accordingly declines to adopt the report and recommendation. Respondents' objections to the report and recommendation are therefore sustained and the case is recommitted to Judge Carlson for further proceedings.

1

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

A United States district court may issue a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In determining whether habeas corpus relief is appropriate in the immigration context, the court's review is limited "to questions of constitutional and statutory law." *Bakhtriger v. Elwood*, 360 F.3d 414, 424 (3d Cir. 2004), *superseded by statute on other grounds*, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). The court may not examine "the

2

exercise of discretion or weight of the evidence in the underlying removal proceedings." *Id.*

**PROCEDURAL HISTORY**

Petitioner Alex Ramos Gomez ("Gomez") filed the petition for writ of habeas corpus that initiated this case on October 18, 2019. (Doc. 1.) The petition raises three claims for habeas corpus relief. First, the petition argues Gomez's bond hearing under 8 U.S.C. § 1226(a) was unconstitutional because the government was not required to carry the burden of proof. (*Id.* ¶¶ 72–85.) Second, the petition argues the bond hearing violated Gomez's right to confront witnesses because the immigration judge who presided over the bond hearing did not allow a key witness to testify. (*Id.* ¶¶ 86–91.) Finally, the petition argues that Gomez's prolonged detention violates the Immigration and Nationality Act ("INA"). (*Id.* ¶¶ 96–101.)

Respondents opposed Gomez's petition on December 16, 2019. (Doc. 4.) Respondents first argued that the court lacks subject matter jurisdiction because Gomez's petition constitutes a discretionary challenge under § 1226(e) and because Gomez failed to exhaust administrative remedies before filing suit. (*Id.* at 4–10.) Respondents additionally argued that the petition should be denied because Gomez's bond hearing did not violate the Constitution. (*Id.* at 10–15.) Gomez filed a traverse on December 30, 2019. (Doc. 7.)

Judge Carlson addressed Gomez's petition in a report and recommendation on February 12, 2020. (Doc. 10.) The report and recommendation concludes that the court has subject matter jurisdiction by virtue of the fact that Gomez's petition raises a constitutional challenge to his bond hearing. (*Id.* at 7–9.)

Turning to the merits of the petition, the report and recommendation first concludes that the Third Circuit has not directly addressed the issue of which party bears the burden of proof during a § 1226(a) bond hearing. (*Id.* at 10–11.) The report and recommendation acknowledges that the Third Circuit mentioned the issue in *Borbot*, 906 F.3d at 279, but finds that the relevant portion of that opinion constitutes dicta that does not control the court's analysis. (*Id.*) The report and recommendation accordingly turns to persuasive case law from other district courts around the country concluding that the government must bear the burden of proof during § 1226(a) bond hearings. (*Id.* at 11–14.) Relying on this persuasive case law, the report and recommendation concludes that the government is required to bear the burden of proof during a § 1226(a) bond hearing, and recommends granting Gomez's petition on that basis. (*Id.* at 16.) Based on that conclusion, the report and recommendation concludes that Gomez's remaining claims for relief are moot. (*Id.* at 18–19.)

Respondents objected to the report and recommendation on February 26, 2020. (Docs. 11–12.) Respondents argue that Supreme Court precedent forecloses

the argument that the government is constitutionally required to bear the burden of proof during § 1226(a) bond hearings and that the procedures afforded during such bond hearings do not violate due process. (Doc. 12.) Respondents additionally argue that it was error to distinguish *Borbot* because that case directly addressed the issue before the court. (*Id.* at 18–19.)

This court addressed the issue of which party bears the burden of proof during a § 1226(a) bond hearing in an unrelated case on March 13, 2020. *See Campoverde v. Doll*, No. 4:20-CV-00332, 2020 WL 1233577 (M.D. Pa. Mar. 13, 2020). In that case, the court determined that *Borbot* controlled the analysis and compelled the conclusion that a detainee bears the burden of proof during a § 1226(a) bond hearing. *Id.* at *11. Respondents in the instant case subsequently filed a notice of supplemental authority to alert the court to the *Campoverde* decision. (Doc. 13.)

## DISCUSSION

**A. The Court's Analysis Is Controlled by *Borbot***

Gomez argues that the Constitution requires the government to bear the burden of proof during a § 1226(a) bond hearing.[1] (*See* Doc. 1 ¶¶ 72–85.) The

---

[1] Neither party objects to Judge Carlson's conclusion that the court has subject matter jurisdiction to consider Gomez's petition. Finding no clear error, the court will adopt that portion of the report and recommendation. *See Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (noting that a court considering portions of a report and

5

Third Circuit considered this issue in *Borbot*, 906 F.3d at 279, but the report and recommendation concludes that the discussion of the issue in *Borbot* constitutes dicta. (*See* Doc. 10 at 10–11.) This court respectfully disagrees.

In *Borbot*, the Third Circuit considered a habeas corpus claim by an immigration detainee who argued that the government should bear the burden of proof in a § 1226(a) bond hearing. *Borbot*, 906 F.3d at 275. The Third Circuit rejected the claim, noting that a detainee bears the burden of proof during a § 1226(a) bond hearing and concluding that such an allocation of the burden of proof does not violate the Constitution. *Id.* at 279. The court's conclusion was essential to the denial of the detainee's habeas corpus claim, and therefore was not dicta. *See Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) ("A dictum is 'a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding.'" (quoting *United States v. Mallory*, 765 F.3d 373, 381 (3d Cir. 2014))). Accordingly, *Borbot* controls the court's analysis here and compels the court to reject Gomez's argument. *See Campoverde*, 2020 WL 1233577, at *11 (holding that *Borbot* controlled court's analysis of identical claim and required court to reject argument that government was required to bear the burden of proof during a § 1226(a) bond hearing); *accord Jose L.P. v.*

---

recommendation to which no objections have been lodged is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

*Whitaker*, __ F. Supp. 3d __, 2019 WL 8138422, at *10 (D.N.J. Sept. 24, 2019). The report and recommendation is therefore rejected to the extent it recommends granting habeas corpus relief on Gomez's burden of proof claim, and habeas corpus relief is denied as to that claim.

### B. Gomez's Remaining Claims Are Not Moot

Because the report and recommendation concluded that Gomez was entitled to habeas corpus relief based on his burden of proof argument, it did not analyze Gomez's remaining two arguments, finding that they were moot. (*See* Doc. 10 at 18–19.) As discussed above, however, the court rejects the report and recommendation's conclusion as to the burden of proof argument. Accordingly, Gomez's remaining arguments are not moot and the case will be recommitted to Judge Carlson for consideration of those claims.

### CONCLUSION

For the foregoing reasons, Respondents' objections to the report and recommendation are sustained, the report and recommendation is rejected, and this case is recommitted to Judge Carlson. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 30, 2020